**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**

**CASE No: 15-CR-00043-GFVT-HAI**

**UNITED STATES OF AMERICA**

*Plaintiff,*

**v.**

**RALPH MINIET,**

*Defendant.*

_____/

**DEFENDANT'S RESPONSE IN OPPOSITION**
**TO GOVERNMENT'S MOTION TO PERMIT VIDEO**
**TELECONFERENCE TESTIMONY OR TESTIMONY BY DEPOSITION**

**COMES NOW** the Defendant, RALPH MINIET, by and through undersigned counsel, pursuant to the Court's Order entered on October 23, 2019 [D.E. 363], and hereby files his response in opposition to the Government's Motion to Permit Video Teleconference Testimony or Testimony by Deposition [D.E. 362].

1. The government indicated in its motion that their essential witness, Maria Boada is suffering from a "variety of health issues, some even life threatening which preclude her from traveling to testify at the upcoming trial" in this matter.

2. Because the exact nature of the witness's medical condition being unknown to the defense, it is not clear that the witness will not be available for live testimony at a date in the near future thereby allowing effective cross examination vs. testimony by teleconference or deposition.

---

PRIETO LAW FIRM
1 N.E. 2nd Avenue, Ste. 200 • Miami, FL 33132
Phone (305) 577-3440 • Fax (305) 358-2503

3. It would be impossible or extremely difficult, at best, to conduct a thorough, full, and complete cross examination of this witness via video in light of the fact that Mrs. Boada does not speak English and will also need an interpreter. Further, Boada is also an essential witness for the defense; the Court may recall that Mrs. Boada was a document intensive witness for the defense in going through her plea agreement, office records, accounting records, tax returns, bank records, and more. Without knowing what areas and exactly what documents the defense will be using to rebut the government's direct examination or advance the defense theory of the case, it is impossible to conduct an effective cross examination of the witness without her having the documentation with her at the location that she will be testifying.

4. While undersigned counsel can appreciate that the witness's medical condition may prevent travel at this time, the government's motion does not indicate that she will not be able to travel in the very near future. Having this witness testify via video teleconference or otherwise presents confrontation clause issues for the Defendant in being able to conduct a proper and detailed examination of the witness.

5. Witness Boada is not a "victim" in this matter or does not fall into the category of any special type of sensitive witness that would require her testimony to be provided by video conference or otherwise. Her testimony is not controlled by 18 U.S.C. § 3509, allowing for minor victims to testify via closed circuit television. *See*, *United States v. Wandahsega*, 924 F.3d 868, 879 (6th Cir. 2019).

---

PRIETO LAW FIRM
1 N.E. 2nd Avenue, Ste. 200 • Miami, FL 33132
Phone (305) 577-3440 • Fax (305) 358-2503

6.  There is also a danger the jury would infer that somehow Mrs. Boada is in fear to testify live in front of Dr. Miniet; more importantly, her absence would create a Confrontation Clause violation of the United States Constitution's 6th Amendment. The United States Supreme Court stated that "More recently, we have described the "literal right to 'confront' the witness at the time of trial" as forming "the core of the values furthered by the Confrontation Clause." *California v. Green, supra,* at 157, 90 S.Ct., at 1934–1935. Last Term, the plurality opinion in *Pennsylvania v. Ritchie,* 480 U.S. 39, 51, 107 S.Ct. 989, 998, 94 L.Ed.2d 40 (1987), stated that "[t]he Confrontation Clause provides two types of protections for a criminal defendant: the right physically to face those who testify against him, and the right to conduct cross-examination." *Id.*

7.  The Sixth Amendment's guarantee of face-to-face encounter between witness and accused serves ends related both to appearances and to reality. "There is something deep in human nature that regards face-to-face confrontation between accused and accuser as "essential to a fair trial in a criminal prosecution." *Pointer v. Texas,* 380 U.S. 400, 404, 85 S.Ct. 1065, 1068, 13 L.Ed.2d 923 (1965). What was true of old is no less true in modern times. *Coy v. Iowa*, 487 U.S. 1012, 1017 (1988).

8.  Without in-person testimony of Mrs. Boada, the defense cannot conduct a full and fair cross examination of the witness using all the documentation that may be necessary to discredit her testimony. See, *Bugh v. Mitchell*, 329 F.3d 496, 506 (6th Cir. 2003) (The Confrontation Clause is only satisfied when the

defense is given a full and fair opportunity to probe and expose infirmities through cross-examination, thereby calling to the attention of the factfinder the reasons for giving scant weight to the witness' testimony.) Without Mrs. Boada being present, there is substantial risk that the defense will not be able to fairly and fully cross examine one of the witnesses that is essential to both the government and more so, the defense.

**WHEREFORE**, the Defendant, RALPH MINIET, prays this Honorable Court issues an Order DENYING the government's request for the witness to appear by video conference or by deposition.  Further, it is also requested that the Court continue trial proceedings until Boada can appear in person thereby providing the defense a full and fair opportunity to cross examine this essential witness as required by the Confrontation Clause of the United States Constitution's Sixth Amendment. Such continuance would serve the interests of justice in this matter.

Respectfully submitted,

**PRIETO LAW FIRM**
The White Building
One N.E. 2nd Avenue, Suite 200
Miami, FL 33132
Phone: (305) 577-3440
Fax:    (305) 358-2503
frank@frankprietolaw.com

## CERTIFICATE OF SERVICE

I HEREBY certify that on this **25th day of October 2019,** I electronically filed the foregoing document with Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission Notices of Electronic Filing generated by CM/ECF.

By:     */s/ Frank A. Prieto*
        FRANK A. PRIETO, ESQ.
        Florida Bar No.: 514071