# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY

### CASE No: 15-CR-00043-GFVT-HAI

**UNITED STATES OF AMERICA**

*Plaintiff,*

**v.**

**RALPH MINIET,**

*Defendant.*

_____/

### DEFENDANT'S RESPONSES/OBJECTIONS
### TO THE PRE-SENTENCE INVESTIGATION REPORT

**COMES NOW** the Defendant, RALPH MINIET, by and through undersigned counsel, and pursuant to Rule 32(f) of the Federal Rules of Criminal Procedure, and the Due Process Clause of the Fifth Amendment, United States Constitution, and hereby files his objections to the Pre-Sentence Investigation Report ("PSIR"). Mr. Miniet moves this Court for the imposition of a reasonable sentence not greater than necessary to meet Congressional sentencing objectives and applicable case law as set forth below:

**BRIEF PROCEDURAL HISTORY**

1.  On or about November 17, 2015, Mr. Miniet was arrested and ultimately charged by a Superseding Indictment in March of 2016 for, Count One: Conspiracy to Distribute Oxycodone, 21 U.S.C. § 846, a Class C felony, and Count Two: Money Laundering, 18 U.S.C. 1956(h), a Class C felony.

---

PRIETO LAW FIRM
1 N.E. 2nd Avenue, Ste. 200 • Miami, FL 33132
Phone (305) 577-3440 • Fax (305) 358-2503

2. Mr. Miniet's conditions of release were set with a $100,000.00 personal surety bond and a $50,000.00 10% Bond with participation in the Home Confinement Program to include electronic monitoring. This bond was posted on November 18, 2015 and Mr. Miniet has remained at liberty through trial without incident.

3. This matter proceeded to Trial for approximately two weeks on September 13, 2018. After the close of testimony and argument, the jury deliberated for approximately 2 full days and acquitted Mr. Miniet on Count Two of the indictment for money laundering but was hung on the distribution of oxycodone charge. A mistrial was declared after further deliberations did not prove to be fruitful. Mr. Miniet remained out of custody under the same bond conditions awaiting re-trial in this matter.

4. Re-trial was set to begin in October of 2019; however, the Defendant filed a Motion for Rearraignment shortly before trial. Mr. Miniet entered a *nolo contendere* plea on December 2, 2019; sentencing was originally scheduled for April 15, 2020; however, due to the global coronavirus pandemic, all matters in the Eastern District of Kentucky were continued, generally until after May 17, 2020. See, *General Order 20-28,* Chief Judge Danny Reaves, April 15, 2020.

5. On or about May 4, 2020, Mr. Miniet's sentencing hearing was set for June 1, 2020.

6.  A Pre-Sentence Investigation Report was timely produced by United States Probation Officer, Brandan S. Hall on March 4, 2020; a revised report being done on April 1, 2020.[1] The following Objections/Responses follow:

## **BRIEF FACTUAL HISTORY**

7.  Dr. Ralph Miniet was born on April 28, 1942 in a small town in Escambray, Cuba. Dr. Miniet was 16 when he immigrated to the United States with his Uncle and his brother (they separated once he arrived in the United States). He arrived in Seymour, Tennessee, where he started High School. He was a student at Harrison Chilhowie Baptist Academy, a private school located about 12 miles from Knoxville. He lived in a dorm with 200 other students. After High School, Dr. Miniet moved to Bowling Green, Kentucky where he attended Western Kentucky University. He earned his bachelor's degree with an emphasis in Math, Chemistry, Biology and Spanish. Dr. Miniet earned his medical degree at the University Central East in the Dominican Republic.

Dr. Miniet moved to Miami where he started working as a Pediatric Physician at Miami Children's Hospital. He left the position a little after two years because he could not handle seeing children die. He later took an interest in Plastic Surgery; Dr. Miniet took classes at Vanderbilt University in Tennessee and at Chicago University and ultimately opened his own practice in Doral,, FL (a suburb in Miami-Dade County) for approximately 25 years.

---

[1] Undersigned counsel has provided these objections to United States Probation Officer later than 14 days after receiving the report due to disruptions caused by lockdown orders and business interruptions involving the coronavirus pandemic; however, undersigned believes the spirit of Your Honors Order setting sentencing can still be complied with; there is no prejudice to any of the parties. Officer Hall has since provided his final addendum to the PSI.

Dr. Miniet really enjoyed the plastic surgery field. He performed all kinds of aesthetic surgeries including, tummy tucks, rhinoplasty, liposuction, face lifts, breast augmentation, etc. Dr. Miniet closed his practice during his divorce with his second wife.

Dr. Miniet partially retired and then decided to rejoin the workforce part-time. He shifted his practice to pain management and treated patients who suffered from chronic pain. He was recruited by a gentleman named Mark (medical recruiter) and was placed as a part-time physician at Angels Pain Clinic in Miami. At Angels, he only worked Tuesdays and Thursdays and sometimes Dr. Miniet would be called in to the clinic on Wednesdays and Fridays only when the pharmacists needed to confirm that the prescriptions were legitimate. At Angels, Dr. Miniet would first obtain the patient's history and review all MRIs.

Mr. Miniet has not worked in the 4 1/2 years since his arrest. Mr. Miniet has also voluntarily relinquished his license to practice medicine (November 2019) with the promise and guarantee that he will never seek to reinstate it. He receives approximately $1,800 in Social Security and pays $1,000 in rent. His son helps him financially sometimes. Miniet has a litany of medical issues as further described in the PSIR.

## FACTUAL/LEGAL OBJECTIONS

### PART A.   THE OFFENSE

Charge and Conviction

8. Mr. Miniet does not object to Paragraphs One (1) through Six (6) of the Pre-Sentence Investigation Report.

The Offense Conduct

9. No objection to Paragraph Seven (7); Mr. Miniet would like to clarify Paragraph Eight (8) of the PSIR in that the clinic was already functioning as a pain management clinic with Dr. Wilfred George prior to Dr. Miniet being hired as testified to on direct exam of the clinic owner, Sonia Castellon:

> Q. And who replaced him?
>
> A. Was Dr. George, Wilford George or George Wilford
>
> Q. George Wilford?
>
> A. Yeah. The other way around.
>
> Q. And what kind of practice did he run at Angel's?
>
> A. He do pain, pain clinic and also Medicare. He had Medicare. So by the time he was there, we used take Medicare also.

*Trial Transcript Day 3*, direct of Sonia Castellon by the government, page 183, lines 6-15.

10. Mr. Miniet objects to Paragraph Nine (9) of the report; however, Mr. Miniet acknowledges that his medical exams were not in keeping with the best practices that existed at the time. Mr. Miniet did not see "as many as 50 patients per day." Mr. Miniet should have done a better job of documenting patient files.

11. Mr. Miniet objects to Paragraph Ten (10) of the PSIR. Mr. Miniet did not direct staff to provide him pre-printed prescription forms; he did not knowingly sign prescriptions for patients he had not ever seen.

12. Mr. Miniet would lodge a general objection to Paragraphs Eleven (11) through Fourteen (14) but recognizes that the government presented evidence of many of the facts contained in those paragraphs. Mr. Miniet would like to clarify that, at the time, he believed the patients needed the medication for a legitimate medical purpose and was unaware of the diversion that was taking place. Mr. Miniet should have seen the "red flags" such as a large majority of the patients traveling from Kentucky.

13. Mr. Miniet objects to Paragraph Fifteen (15). This paragraph speaks to Count Two of the superseding Indictment's charge of money laundering; Mr. Miniet was acquitted of this count in the initial trial.

14. No objection to Paragraph Sixteen (16).

15. Mr. Miniet objects to Paragraph Seventeen (17). The drug quantity amount overstates Mr. Miniet's relevant conduct. It is difficult, if not impossible to quantify an amount of oxycodone that was not prescribed for a legitimate medical purpose under the facts of this particular case for this particular Defendant.

16. Undersigned counsel and Mr. Miniet do not object to Paragraphs Eighteen (18) through Nineteen (19) of the PSIR.

Victim Impact

    17.     No objections to Paragraphs Twenty (20).

Adjustment for Obstruction of Justice

    18.     No objection to Paragraph Twenty One (21).

Acceptance and Responsibility

    19.     Objection to Paragraph Twenty Two (22) that does not provide for application of USSG § 3E1.1(a) and § 3E1.1(b) reductions. Application Note 5 of USSG § 3E1.1 states that "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." In this particular case, the Defendant exercised his right to a jury trial and was acquitted of one of the counts in a two-count indictment. The jury was hung on the 2nd Count. Understanding that at least one juror must have had reservations about Mr. Miniet's theory of the case, Mr. Miniet decided to enter a *nolo contendere* plea to avoid the uncertainty of a second trial and to avoid putting the government to its burden of proof once again. As such, Mr. Miniet permitted the government to discontinue its trial preparations thereby allowing the government and the court to allocate their resources efficiently.

    Further, an Alford plea does not categorically disqualify a defendant from receiving a § 3E1.1 reduction for acceptance of responsibility. *United States v. Tucker*, 925 F.2d 990 (6th Cir.1991). In fact, a defendant who enters a guilty plea is not entitled to the reduction as a matter of right, while a defendant who goes to trial is not automatically ineligible. *Id*. The

PRIETO LAW FIRM
1 N.E. 2nd Avenue, Ste. 200 • Miami, FL 33132
Phone (305) 577-3440 • Fax (305) 358-2503

Sixth Circuit has opined that a plea of *nolo contendere* does not categorically preclude such a reduction. *U.S. v. Doherty*, 39 F.3d 1182 (6th Cir. 1994)(citing, T*ucker, supra*); USSG § 3E1.1, cmt. n. 2-3. Rather, the "district court must determine whether the defendant has demonstrated acceptance of responsibility by a preponderance of the evidence. *United States v. Donathan*, 65 F.3d 537, 541 (6th Cir.1995). The district court's determination on the issue for clear error. *United States v. Paulette*, 457 F.3d 601, 608 (6th Cir.2006); *see also USSG 3E1.1, cmt. n. 5* (sentencing judge's determination regarding acceptance of responsibility is entitled to great deference); *U.S. v. Kathman*, 490 F.3d 520, 524 (6th Cir. 2007). The court must conduct a two-step inquiry: first, whether the defendant has "demonstrated significant evidence of acceptance of responsibility;" and second, whether that evidence is "outweighed by conduct inconsistent with such acceptance[.]" *United States v. Hollis*, 823 F.3d 1045 (6th Cir. 2016).

In fact, even where a defendant has obstructed justice prior to their plea, Sixth Circuit precedent favors applying the acceptance of responsibility adjustment when a defendant accepts responsibility after the obstructing justice conduct. *United States v. Robinson*, 390 F.3d 853, 888 (6th Cir.2004). Here, there has not been obstruction on the part of Mr. Miniet. This is a difficult case where the government's main theory rests squarely on deliberate or willful ignorance to establish the requisite proof of *mens rea*. What Mr. Miniet knew, or should have known (and when) is the crux of the government's case, and ironically, was also the main defense in *United States v. Miniet I*. Although the government's expert witness testified that doctor Miniet's treatments fell below a standard of care, a breach of that standard is not *per se* criminal conduct on the part of Miniet; hence the difficulty we believe the jury was struggling with. Simply stated, even if the government feels that some of Miniet's denials of "relevant

conduct" are false, there is no automatic preclusion of his reduction under USSG 3E1.1(a). *Holis at* 1047 ("while a defendant's false denial of relevant conduct is an appropriate basis for determining that the acceptance of responsibility reduction should not be applied, it does not *automatically preclude* application of the acceptance of responsibility reduction. Rather, it is one of multiple considerations that the district court may weigh in making its determination"). Mr. Miniet humbly requests a two-level reduction under USSG 3E1.1(a) and the additional one-level under USSG 3E1.1(b) upon a government motion for same. Additional grounds to be argued *Ore Tenus*.

Offense Level Computation

20.   Mr. Miniet **objects** to Paragraphs Twenty Four (24) through Thirty (32). Again, the drug quantity that determines Mr. Miniet's Base Offense Level greatly overstates what he should be held accountable for. Although the government will likely argue that any prescription issued by Mr. Miniet to out-of-state patients should be counted, that approach does not yield a rationally calculated base offense level. If the Court is satisfied that properly calculated offense level is 32, the court should depart and vary downward in this matter to find a reasonable and not greater than necessary sentence. Because Mr. Miniet is unable to assist counsel in determination of a reasonable base offense level, undersigned would argue that a base level of 12 is appropriate as the minimum allowable under USSG §2D1.1. As a matter of policy that the court should disagree with, the "converted drug weight" tables as they are **not based on any scientific and/or empirical evidence**. As such, undersigned would

argue that, under the facts of this particular case, and with this particular Defendant, the base offense level calculated severely overstates his criminal responsibility.

21.   No objection to Paragraph Thirty Three (33).

**PART B.   THE DEFENDANT'S CRIMINAL HISTORY**

22.   No objection to PART B of the PSIR in paragraphs Thirty Four (34) through Forty (40).

**PART C.   OFFENDER CHARACTERISTICS**

23.   No objections to PART C of the PSIR that constitutes Paragraphs Forty One through Eighty (80).

**PART D.   SENTENCING OPTIONS**

24.   As indicated above, Mr. Miniet objects to almost all of the sentencing calculations reflected in his PSIR as contained in the paragraphs above and paragraphs Eighty One (81) through Eighty Three (83) and would suggest a reasonable calculation of his guidelines can be:

>   **Base Offense Level:** §2D1.1(D)(minimum base offense level of opiates is 12 because a reasonably accurate amount cannot be determined.)                                                                                    **12**
>
>   **Specific Offense Characteristics ("SOC"):** Under USSG 5C1.2, the defendant should receive a two-level reduction as he meets the criteria as set forth in that section: therefore, a reduction is warranted.             **-2**

**SOC:** Since subsection (b)(2)(B) does not apply, the 2-level enhancement for sophisticated laundering will not apply.

**0**

**Victim Related Adjustment:** None

**0**

**Adjustment for Role in the Offense:** App. Note 4 of 3B1.3 defines "doctor" as a special skill as such an enhancement is warranted             **+2**

**Adjustment for Obstruction of Justice:** None

**0**

**Adjusted Offense Level (Subtotal):**      **12**

**Acceptance of Responsibility:**       **-3/-2**

**Total Offense Level:**         **10/ 9**

Based on the above, and with a Total Offense Level of 12, criminal history category I (zero criminal history points), ZONE B would apply with a recommended range of 4 months to 10 months or 6 months to 12 months. With that said, based on a multitude of factors[2], undersigned counsel would ask for a sentence of probation with any special conditions the court may require.[3]

25.    No objection to Paragraphs Eighty Four (84) through Ninety Five (95) except for Paragraph Eighty Eight (88) in that a different guideline range is suggested by undersigned that allows for the imposition of probation.

---

[2] Factors that warrant a downward departure and/or variance re forthcoming in Defendant's Sentencing Memorandum to be filed before sentencing.
[3] Of particular note is that the Defendant in this matter has been on home detention for more than 4 years since his arrest.

**PART E.     FACTORS THAT MAY WARRANT DEPARTURE AND/OR VARIANCE**

26.     There are no responses or objections to this section; however, a Sentencing Memorandum will be filed prior to the date of sentencing currently set for June 1, 2020 where factors that warrant departure/variance or a sentence outside the advisory guideline range will be presented.

**PART F.     FACTORS THAT MAY WARRANT A SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**

27.     There are no responses or objections to this section; however, a Sentencing Memorandum will be filed prior to the date of sentencing currently set for June 1, 2020 where factors that warrant departure/variance or a sentence outside the advisory guideline range will be presented.

**CONCLUSION**

28.     Mr. Miniet appears before the Court after having been entered a no contest plea to the remaining count of a two-count indictment; one count having been disposed of by way of jury verdict in the prior trial.

29.     Mr. Miniet has zero criminal history points that places him in a criminal history category of I.

30.     Based on the above objections and applicable case law cited, Mr. Miniet respectfully asks this Court to impose a "reasonable" but not greater than necessary sentence.

He asks this Court to consider the guideline calculations, the PSIR, and all other factors the Court finds relevant including those under 18 U.S.C § 3553(a) which will be addressed in a Sentencing Memorandum.

**RESPECTFULLY SUBMITTED BY:**

**Prieto Law Firm**
1 Northeast 2nd Ave. Suite 200
Miami, FL 33132
Phone: 305-577-3440
Fax:    305-358-2503
Florida Bar No.: 0514071
frank@frankprietolaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **May 27, 2020**[4], I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission Notices of Electronic Filing generated by CM/ECF.

By:   **/s/ Frank Andrew Prieto**
       Frank A. Prieto, Esq.

---

[4] This document was previously provided to officer Brandan Hall from the United States Probation Office and Assistant United States Attorney, William S. Dotson on May 18th, 2020.